Jason S. Nardiello (jnardiello@barclaydamon.com)
Bella S. Satra (bsatra@barclaydamon.com)
Katherine B. Felice (kfelice@barclaydamon.com)
BARCLAY DAMON, LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 784-5800
Facsimile:    (212) 784-5771

*Counsel for Romona Keveža Collection LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Romona Keveža Collection LLC**,<br><br>*Plaintiff*,<br><br>-vs-<br><br>**David's Bridal, Inc.**,<br><br>*Defendant*. | Civil Action No.<br>1:17-cv-4393-GBD |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

13930000

## TABLE OF CONTENTS

                                                                                                                                                                      Page

**TABLE OF AUTHORITIES** ....................................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................................. 3

**STATEMENT OF THE CASE** ................................................................................................... 4

**FACTS** .......................................................................................................................................... 5

**ARGUMENT** ................................................................................................................................ 7

      I.      GIVEN ROMONA'S LONGSTANDING USE OF THE MARK "BE YOU. BE YOUR OWN BRIDE" SINCE AT LEAST 2000, IT IS ESSENTIALLY IMPOSSIBLE FOR DEFENDANT TO SUCCEED ON THE MERITS OF ITS TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION CLAIMS .................................................................. 7

           A.    HAVING SOLD ITS BRIDAL PRODUCTS USING THE "BE YOU. BE YOUR OWN BRIDE" MARK SINCE 2000, ROMONA IS THE PRIOR AND/OR SENIOR USER OF THE "BE YOUR OWN BRIDE" TRADEMARK AND THEREFORE ENJOYS PRIORITY OF USE OVER DEFENDANT ......................................................................................... 7

           B.    BECAUSE DEFENDANT IS NOT THE SENIOR OR PRIOR USER OF THE "BE YOUR OWN BRIDE" MARK, DEFENDANT IS VERY UNLIKELY TO PREVAIL ON ITS CLAIMS OF UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT ................................................................................... 11

      II.     HAVING COME SECOND IN TIME, DEFENDANT WILL NOT SUFFER IRREPARABLE INJURY ................................................................. 12

      III.    THE BALANCE OF HARMS IS HARDLY IN DEFENDANT'S FAVOR. ............................................................................................................. 13

      IV.    THE PUBLIC INTEREST WOULD NOT BE SERVED BY GRANTING INJUNCTIVE RELIEF TO DEFENDANT. .................................. 13

**CONCLUSION** ........................................................................................................................... 13

13930000

## TABLE OF AUTHORITIES

**Cases**

*Cacace v. Meyer Mktg. Co.*, 812 F. Supp. 2d 547 (S.D.N.Y. 2011) ............................................. 10

*Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072 (2d Cir. 1993) ............................. 11

*Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104 (2d Cir. 2000) .......................... 13

*Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448 (S.D.N.Y. 2005) ............. 11

*Multi-Local Media Corp v. 800 Yellow Book Inc.*, 813 F. Supp. 199 (E.D.N.Y. 1993) .............. 12

*Paco Rabanne Parfums, S.A. v. Norco Enters., Inc.*, 680 F.2d 891 (2d Cir. 1982) ...................... 12

*Seivright v. Montefiore Med. Ctr.*, No. 11 Civ. 8934 (AJN), 2014 U.S. Dist. LEXIS 30137 (S.D.N.Y. Mar. 3, 2014) ................................................................................................. 10

*Talk to Me Prods. v. Larami Corp.*, 804 F. Supp. 555 (S.D.N.Y. 1992) ........................................ 7

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992) ........................................................ 13

13930000

## PRELIMINARY STATEMENT

Romona Keveža Collection LLC ("Romona" or "Plaintiff") hereby submits its opposition to Defendant David's Bridal, Inc.'s ("Defendant") Motion for a Temporary Restraining Order and Preliminary Injunction to enjoin Romona from using the trademark "BE YOU.  BE YOUR OWN BRIDE." (Dkt. 21-24.)[1]  Romona is the senior user and has been using this mark since 2000, whereas Defendant alleges it began using the mark in 2016, if not 2017.[2]  Furthermore, Romona is also the senior user of the mark BE YOUR OWN LEGEND.  Defendant's use of the mark BE YOUR OWN BRIDE is likely to cause confusion as to the source of Romona's and Defendant's goods.  Accordingly, Defendant cannot prove a likelihood of success on the merits.  Defendant's motion should therefore be denied.

Defendant's Motion for a Preliminary Injunction is not a *bona fide* application to seek relief for irreparable harm.  It is merely a litigation tactic to oppose Romona's Motion for a Temporary Restraining Order and Preliminary Injunction.  Defendant knows that the best defense is a good offense.  The overwhelming evidence presented in this opposition that Romona is, in fact, the senior owner of the BE YOU.  BE YOUR OWN BRIDE MARK will unveil these tactics.

Romona is a wedding dress and women's apparel designer and manufacturer known for sophisticated, elegant, and high-quality artisanship.  Romona dresses are sold in luxury department stores throughout the U.S. such as Saks Fifth Avenue and Neiman Marcus and have been worn by numerous celebrities, including Oprah Winfrey, Angelina Jolie, Lady Gaga, Jane

---

[1] References to Defendant's Memorandum of Law, Docket No. 24, are abbreviated as "Def. Br." herein.

[2] Romona contests and does not concede that Defendant first used the BE YOUR OWN BRIDE mark in 2016 or 2017, as Defendant has alleged.  (*See* Def. Br., pp. 3-5 (alleging Defendant's first use of the mark in 2016 or 2017).)  In any event, the use alleged in Defendant's brief alone is not sufficient to show a "use in commerce" necessary to secure trademark rights.

Fonda, Scarlett Johansson, Ariana Grande, Taylor Swift, Sofia Vergara, and Jennifer Hudson, to name just a few.  Ms. Romona Keveža, the creative entrepreneurial force behind the brand, began her company in 1999 with the creation of the Signature Bridal Collection.  In 2000, Romona began to use the trademark "BE YOU.  BE YOUR OWN BRIDE" to market and promote Romona bridal apparel and accessories.  Indeed, Romona has used and continues to use the mark "BE YOU.  BE YOUR OWN BRIDE" as a trademark during runway shows, on invoices, and on garment hang tags as well as in print and online advertising and marketing.  The mark and marketing platform have a secondary meaning – an association with Ms. Romona Keveža, who built her brand as *her own* woman entrepreneur.

In an attempt to trade off of Romona's goodwill and reputation, Defendant misappropriated Romona's commercial competitive advantage and began using the mark "BE YOUR OWN BRIDE" allegedly in 2016, if not 2017.  Defendant now requests that this Court enjoin Romona from using the mark "BE YOUR OWN BRIDE."  Defendant's motion should be denied and for the reasons set forth in Romona's Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction (Dkt. Nos. 5-6), which is incorporated by reference herein, Defendant should be enjoined from using the Romona Keveža Marks.

## STATEMENT OF THE CASE

Romona filed the Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction on June 11, 2017, and Complaint on June 14, 2017.  Romona's Application was denied without prejudice and the action stayed pending Judge Linares' decision in a previously-pending and related litigation in the District of New Jersey.  Subsequently, Judge Linares dismissed and stayed the related New Jersey action, and the stay in this case was lifted.  Romona has renewed its Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction.  Defendant has filed its Answer and

Counterclaims and moved for a Temporary Restraining Order and Preliminary Injunction. Oral argument on the parties' motions is scheduled for September 27, 2017.

**FACTS**

Romona designs, markets, advertises, and sells high-fashion wedding dresses and other women's apparel and the Romona brand has become synonymous with sophisticated, elegant, and high-quality craftsmanship. (Declaration of Romona Keveža ("Romona Decl."), ¶ 2.) Ms. Romona Keveža is the principal and CEO of Romona Keveža Collection LLC. (Romona Decl., ¶ 2.)

Since 2000, Romona has been designing, advertising, marketing, displaying and selling dresses and apparel, and in particular, high end wedding dresses and evening wear. These dresses were sold near the highest price point in the industry. This is partly because of the cost of the quality of materials as well as the cost involved in hand-making dresses. (Romona Decl., ¶ 5.)

These dresses were primarily advertised and sold through the Romona Keveža bridal show. Romona and Ms. Keveža held intimate presentations, more recently in the Penthouse of One Rockefeller Center in Manhattan. All of these shows are attended by potential purchasers, sellers, and distributors of the dresses as well as by members of the fashion press. (Romona Decl., ¶ 6 & Exhibit 1.)

The first time Romona publically used the phrase, BE YOU. BE YOUR OWN BRIDE, was in 2000 during these bridal shows when Ms. Keveža introduced Romona dresses to the audience. The audience was comprised of purchasers, sellers, distributors and members of the fashion press. As set forth in Exhibit 2 to the Romona Declaration, various persons attending the Romona shows have heard Ms. Keveža use the slogan, BE YOU. BE YOUR OWN BRIDE. during these shows since 2000. These are very reputable people in the industry. All of these

- 5 -

people stated that they know the term BE YOU. BE YOUR OWN BRIDE is a Romona trademark and that they know when they see or hear the term, they know it relates to a single source—Ms. Keveža's company and the dresses she makes.  (Romona Decl., ¶ 7 & Exhibit 2.)

    Since 2000 Ms. Keveža has done private presentations for retailers, buyers and press in the Presidential Suite at The Waldorf Astoria Hotel, the Presidential Suite at the St. Regis Hotel and more recently in her Flagship at The Penthouse of One Rockefeller Plaza in the heart of Rockefeller Centre as mentioned above.  These presentations would take place during New York Bridal Fashion Week.  Ms. Keveža would hold 10 presentations a day to the press and retailers over 5 days.  Each presentation would be attended by a minimum of 10 to 30 industry professionals.  In total Ms. Keveža would speak to a total of 500 retailers and press over the 5 day period.  During these presentations Ms. Keveža personally commentated, describing each gown and reinforcing what the brand is all about.  Ms. Keveža used the slogan, BE YOU, BE YOUR OWN BRIDE.  Ms. Keveža would hold these presentations twice a year during New York Bridal Week.  In addition to the intimate presentations to the retailers and press, Ms. Keveža would every few years reinforce the brand's trademarks with a formal fashion show that has included an audience of up to 2000 people in attendance.  (Romona Decl., ¶ 8.)

    Ms. Keveža has also reinforced the trademark BE YOU. BE YOUR OWN BRIDE when she made personal appearances at bridal stores around the world since 2000. When she spoke to brides, Ms. Keveža always reinforced the themes of her design and used the slogan: BE YOU. BE YOUR OWN BRIDE.  (Romona Decl., ¶ 9.)  Additionally, the BE YOU. BE YOUR OWN BRIDE slogan appears on the hangtags that are placed on the garments that are sold to clients.  (Romona Decl., ¶ 10.)

**ARGUMENT**

**I.   GIVEN ROMONA'S LONGSTANDING USE OF THE MARK "BE YOU. BE YOUR OWN BRIDE" SINCE AT LEAST 2000, IT IS ESSENTIALLY IMPOSSIBLE FOR DEFENDANT TO SUCCEED ON THE MERITS OF ITS TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION CLAIMS.**

**A.   HAVING SOLD ITS BRIDAL PRODUCTS USING THE "BE YOU. BE YOUR OWN BRIDE" MARK SINCE 2000, ROMONA IS THE PRIOR AND/OR SENIOR USER OF THE "BE YOUR OWN BRIDE" TRADEMARK AND THEREFORE ENJOYS PRIORITY OF USE OVER DEFENDANT.**

Romona has been selling its bridal wear and bridal products using the "BE YOU. BE YOUR OWN BRIDE" slogan since at least 2000. Therefore, Romona – and not Defendant – is the prior and/or senior user of the "BE YOUR OWN BRIDE" trademark.

Defendant has made at least two fatal mistakes that should result in this motion being denied: <u>First</u>, it relies solely on information obtained on the internet and information submitted in connection with Romona's trademark applications to support its position that Defendant – not Romona – is the first user of the BE YOUR OWN BRIDE. mark in U.S. commerce. As will be shown below, evidence supports Romona being the first user of the BE YOU. BE YOUR OWN BRIDE mark. <u>Second</u>, even before filing this lawsuit, David's Bridal conducted a neglectful trademark search. Specifically, it did not conduct a comprehensive trademark availability search but, rather, it admits that it only relied on a search of the USPTO database and a Google internet search. Had it conducted the proper search, it would have found Romona's prior use of the BE YOU. BE YOUR OWN BRIDE. mark.

The parties are in agreement that, generally, the "right to exclusive use of a trademark derives from its appropriation and subsequent use in the marketplace. The user who first appropriates the mark obtains an enforceable right to exclude others from using it . . . ." *Talk to Me Prods. v. Larami Corp.*, 804 F. Supp. 555, 559 (S.D.N.Y. 1992) (citing *La Societe Anonyme*

*des Parfums Le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1271 (2d Cir. 1974)). (Def. Br., p. 13.) Although Defendant argues that "Romona cannot show that it was using 'BE YOU. BE YOUR OWN BRIDE' in actual and continuous commerce since September of 2016" (Def. Br., p. 13), the evidence is overwhelming that, in fact, Romona is the prior and/or senior user of the "Be Your Own Bride" trademark and, therefore, enjoys priority of use over Defendant.

As set forth in the Declaration of Romona Keveža, since 2000, Romona sold (and continues to sell) high-end dresses. (Romona Decl., ¶ 5.) Throughout this time, the main way dresses have been marketed, advertised, and sold to the public is through bridal shows and intimate presentations that Romona arranges. (Romona Decl., ¶¶ 5-6.) The Romona Keveža fashion show at Bridal Market is a major industry event which is attended by potential buyers and clients as well as members of the press for major fashion publications such as Woman's Wear Daily. (*See* Romona Decl., ¶ 7 & Exhibit 2.)

Romona's first date of use of the BE YOU. BE YOUR OWN BRIDE mark (2000) is supported by overwhelming evidence – not only through the words of Ms. Keveža herself, but also though numerous industry professionals and buyers who actually attended her bridal shows and witnessed her use the trademark. (Romona Decl., ¶¶ 5, 7-9 & Exhibit 2.) For example, as shown in Exhibit 2 of the Romona Declaration, David Yassky of Women's Wear Daily, "the fashion industry's top global newspaper," stated that he has witnessed Ms. Keveža use the term "BE YOUR OWN BRIDE" since 2003 at the Bridal Market in New York. (*See* Affidavit of David Yassky attached as Exhibit 2 to the Romona Declaration.) In another Affidavit, Joan Pillow, a fashion buyer, states that she has heard Ms. Keveža use the term BE YOUR OWN BRIDE at "almost every bridal market presentation since 2009." Importantly, she states that "it was obvious to me that it was one of her trademarks." In yet another Affidavit (Exhibit 2 to the

Romona Declaration), Steve Kalman, a buyer at Christina's Bridal in Andover, Massachusetts, states that he has witnessed Ms. Keveža use the term "BE YOUR OWN BRIDE" "at almost every bridal market presentation over the past 17 years (which would be the year 2000). In that way, I know that it is one of her trademarks." Below is a photograph of an actual photo of the Romona Keveža Bridal Show.



(Romona Decl., ¶ 6.)  As can be seen from the photograph above, as well as from the photographs attached as Exhibit 1 to the Romona Declaration, the Romona Keveža Bridal Show is attended by hundreds of industry representatives, including potential buyers of Romona dresses.

Ms. Keveža's testimony in her Declaration, as well as the sworn statements of industry representatives which are attached as Exhibit 2 to her Declaration, are overwhelming proof that Ms. Keveža's use of the term "BE YOU. BE YOUR OWN BRIDE" or "BE YOUR OWN BRIDE" has been used as a trademark since well before the use by Defendant, if not since 2000.

- 9 -

13930000

While the foregoing proves that Romona is the senior rights holder of the BE YOU. BE YOUR OWN BRIDE mark or the BE YOUR OWN BRIDE mark, there are also other weaknesses in Defendant's position that it is the senior rights holder of the mark.

In fact, Defendant does not argue that it actually engaged in the commercial use of the mark "BE YOUR OWN BRIDE" prior to Romona – rather, Defendant argues merely that it filed an intent to use trademark application on November 23, 2016, while Romona filed its Application for "BE YOU. BE YOUR OWN BRIDE" on May 1, 2017. (Def. Br., p. 12.). Defendant further argues that Romona "randomly alleges its first usage was September 7, 2016" (Def. Br., p. 12), but there is nothing "random" about this. As set forth above as well in the Romona Declaration, Romona's customer invoices and garment hang tags are genuine hangtags and are dated September 7, 2016, and bear the mark "BE YOUR OWN BRIDE." This evidence of Romona's actual use pre-dates Defendant's intent to use filing submitted to the USPTO on November 23, 2016.

Notably, Defendant's assertion that the hangtags that supported the May 1, 2017, Application (alleging a date of first use back to *at least as early as* September 7, 2016) is mere attorney argument and conjecture and is not supported by any affidavits. It is well-established law that mere attorney argument has no evidentiary value. *See Cacace v. Meyer Mktg. Co.*, 812 F. Supp. 2d 547, 560 (S.D.N.Y. 2011) ("Mere attorney argument is no substitute for evidence of record . . .") (quoting *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1362 (Fed. Cir. 2001)); *Seivright v. Montefiore Med. Ctr.*, No. 11 Civ. 8934 (AJN), 2014 U.S. Dist. LEXIS 30137, *24 (S.D.N.Y. Mar. 3, 2014) (attorney argument, "without citation to any evidence[,]" "holds no evidentiary value").

For the foregoing reasons, Defendant cannot prove a likelihood of success on the merits and its motion should be denied.

### B.  BECAUSE DEFENDANT IS NOT THE SENIOR OR PRIOR USER OF THE "BE YOUR OWN BRIDE" MARK, DEFENDANT IS VERY UNLIKELY TO PREVAIL ON ITS CLAIMS OF UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT.

As set forth above, Romona is the senior or prior user of the "BE YOUR OWN BRIDE" mark, and therefore, Defendant cannot succeed on its claims of unfair competition and trademark infringement.

Romona agrees with Defendant that, to succeed in a trademark infringement case, a plaintiff must show that it has a valid mark entitled to protection and that the defendant's unauthorized use in commerce of its marks is likely to cause consumer confusion among customers. *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1077 (2d Cir. 1993). Although federal trademark infringement (§ 1114) and unfair competition (§ 1125) differ, the same standard applies to proving their infringement. *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 454 (S.D.N.Y. 2005).

Contrary to Defendant's assertion that it "was the first to use ["BE YOUR OWN BRIDE"] in commerce" (Def. Br., p. 16), Romona has been using the mark since 2000 as set forth above. (*See* Romona Decl., ¶¶ 7-9.) That Romona has continued to use the mark, including in connection with its new Spring 2018 bridal line and trademark "ROMONA" in print and internet advertisements, on social media, and on its website, is yet additional evidence of its deliberate and continuous use in commerce.

Romona is also in agreement that the simultaneous use of the mark "BE YOUR OWN BRIDE" is likely to cause confusion, but as the junior or subsequent user of the mark, it is

Defendant's infringing use of that mark in advertising, marketing, promoting, and selling a product bearing the mark that is likely to cause confusion with Romona's marks.

## II.  HAVING COME SECOND IN TIME, DEFENDANT WILL NOT SUFFER IRREPARABLE INJURY.

As the junior user of the mark, Defendant will not suffer irreparable injury nor does Defendant lack an adequate remedy at law.  Defendant took the chance to adopt a mark that was already in use and may have even willfully used the mark with full knowledge that Romona was using the mark before it.

In contrast, Defendant's infringing use of Romona's marks creates the likelihood of confusion, and Romona is entitled to a presumption of irreparable injury.  As a result of Defendant's unauthorized uses of the mark, Romona has been irreparably damaged in several ways.  (*See* Dkt. 6 at ¶¶ 17-18.)  Such damage includes diminished goodwill, damaged reputation, and loss of future sales.  This harm is both irreparable and unquantifiable – necessitating an immediate halt to Defendant's unlawful activities.  *See Paco Rabanne Parfums, S.A. v. Norco Enters., Inc.*, 680 F.2d 891, 894 (2d Cir. 1982) ("Where there is . . . such high probability of confusion, injury irreplaceable in the sense that it may not be fully compensable in damages almost inevitably follows . . . [t]he likelihood of damage to reputation and good will, even where there is no proof of lost sales . . . [and] entitles a plaintiff to preliminary relief.") (citation omitted); *Multi-Local Media Corp v.  800 Yellow Book Inc.*, 813 F. Supp. 199, 202 (E.D.N.Y. 1993) ("Federal courts have long recognized the need for immediate injunctive relief in trademark infringement cases due to the amorphous nature of the trademark and the resulting difficulty in proving monetary damages.").

**III.     THE BALANCE OF HARMS IS HARDLY IN DEFENDANT'S FAVOR.**

The balance of hardships is far from "decidedly" in Defendant's favor.  (See Def. Br., p. 23.)  Defendant argues that it has "spent millions of dollars in connection with its BE YOUR OWN BRIDE™ advertising campaign" which is a "significant investment" since October 2016.  (Def. Br., pp. 6, 23.)  But this is misleading because it apparently represents the expenditure made "in connection with" the overall campaign –not the expenditure arising from the use of the sole phrase "BE YOUR OWN BRIDE."  Moreover, Romona has been using the "BE YOUR OWN BRIDE" mark since 2000 to advertise, market, promote, and sell its bridal products.  Thus, when balancing the hardships, the harm to Romona would be extraordinarily damaging since Romona has been using the "BE YOUR OWN BRIDE" mark to promote, advertise, and sell its bridal products for the past 17 years while Defendant has only recently begun to use the mark allegedly in 2016, if not 2017.

**IV.     THE PUBLIC INTEREST WOULD NOT BE SERVED BY GRANTING INJUNCTIVE RELIEF TO DEFENDANT.**

Romona agrees that the public interest is served by protecting consumers from confusion as to the true source and affiliation of goods and services.  *See Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107-08 (2d Cir. 2000) ("Trademark laws exist to protect the public from confusion."); *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 784 n.19 (1992).  However, this factor does not weigh in favor of granting injunctive relief to Defendant and is neutral at best since both parties claim priority to the mark.

## CONCLUSION

For the reasons set forth herein, as well as in Romona's Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction, Romona respectfully requests that the Court deny Defendant's motion.

Date: September 11, 2017 **BARCLAY DAMON LLP**

By: /s/ Jason S. Nardiello
Jason S. Nardiello
Bella S. Satra (*pro hac* application to be filed)
Katherine B. Felice (*pro hac* application to be filed)

Office and Post Office Address
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 784-5800
Facsimile: (212) 784-5771
E-Mail: jnardiello@barclaydamon.com
bsatra@barclaydamon.com
kfelice@barclaydamon.com

*Attorneys for Plaintiff*
Romona Keveža Collection LLC

13930000

**CERTIFICATE OF SERVICE**

I certify that on September 11, 2017, I caused to be filed a copy of the foregoing document, Plaintiff's Opposition to Defendant's Motion for a Temporary Restraining Order and Preliminary Injunction, as well as the accompanying documents, with the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this action.

                                                    /s/ Jason S. Nardiello

13930000